The Honorable James C. Scott State Senator 321 State Hwy 15 North Warren, AR 71671-9707
Dear Senator Scott:
You have requested an Attorney General opinion concerning the respective prosecutorial duties of city attorneys and county deputy prosecuting attorneys.
Your questions are:
 (1) Does the appointed county deputy prosecuting attorney have a duty to prosecute all misdemeanor offenses in municipal court?
 (2) Does the elected city attorney have a duty to prosecute any such offenses?
 (3) Can the city, by action of the city council, legally contract with the elected city attorney to prosecute misdemeanor offenses that occur within the corporate limits of the city?
RESPONSE
Question 1 — Does the appointed county deputy prosecuting attorney have aduty to prosecute all misdemeanor offenses in municipal court?
It is my opinion that the county deputy prosecuting attorney does not have a duty to prosecute misdemeanor violations of state law that occurred within city limits.
That duty rests upon the city attorney.
The scope of county prosecuting attorneys' duties is stated in A.C.A. §16-21-103, as follows:
 Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned.
A.C.A. § 16-21-103.
The foregoing is limited by A.C.A. § 16-21-150, which states:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
A.C.A. § 16-21-150.
The term "city misdemeanor cases" was interpreted in a previous Attorney General opinion to mean misdemeanor violations of state law that occur within city limits. See Op. Att'y Gen. No. 95-235. I agree with that interpretation.
Also pertinent to your question are the provisions of A.C.A. §16-21-115:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in municipal or other corporation courts violations of state misdemeanor laws which violations occurred within the limits of the municipality if the city attorney agrees to the appointment.
A.C.A. § 16-21-115.
In Opinion No. 95-235, the foregoing statute was interpreted to have been impliedly amended by A.C.A. § 16-21-150, so as to remove the last phrase — i.e., the phrase "if the city attorney agrees to the appointment." That interpretation was based upon the fact that prior to the enactment of A.C.A. § 16-21-150, the Attorney General had consistently taken the position that prosecuting attorneys had the primary responsibility of prosecuting all violations of state law — even those that occurred within city limits. Shortly after the most recent reiteration of that position by the Attorney General in Op. Att'y Gen. No. 93-010, A.C.A. § 16-21-150
was enacted. This enactment appears to have been an attempt to change the previous reading of the law. That is, A.C.A. § 16-21-150 appears to have been an attempt to relieve prosecuting attorneys of the responsibility of prosecuting misdemeanor violations of state law that occur within city limits. When A.C.A. § 16-21-150 is read in conjunction with A.C.A. §16-21-115, it appears that the intent was to place this responsibility upon city attorneys. I agree with that interpretation.
The result of the interpretations I have adopted of the foregoing statutes is that city attorneys, rather than county prosecuting attorneys (or their deputies), have the responsibility to prosecute misdemeanor violations of state law that occur within the city limits of the cities they represent. I have attached a copy of Opinion No. 95-235, in which this issue is addressed.
Question 2 — Does the elected city attorney have a duty to prosecute anysuch offenses?
Yes. See response to Question 1.
Question 3 — Can the city, by action of the city council, legallycontract with the elected city attorney to prosecute misdemeanor offensesthat occur within the corporate limits of the city?
It is my opinion that although state law does not prohibit such a contract, a contract of this nature would be unnecessary in light of the matters discussed in response to Question 1. Because state law appears to impose upon city attorneys the responsibility to prosecute misdemeanor offenses that occur within the city limits, a contract imposing the same duty would be superfluous.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh